IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
EL PASO DIVISION

| | | |
|---|---|---|
| NEREIDA LEAL, INDIVIDUALLY AND<br>AS REPRESENTATIVE OF THE ESTATE<br>OF MARTIN LEAL-ESCOBEDO;<br>MARTIN A. LEAL, INDIVIDUALLY;<br>AND MARIA ESCOBEDO, INDIVIDUALLY<br>      *Plaintiffs,*<br><br>v.<br><br>A STERLING FREIGHT CARRIER INC.;<br>MANDEEP K. BHATTI; AND<br>SHARANDEEP SINGH<br>      *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:17-cv-00207-PRM |

**DEFENDANTS' MOTION TO ABATE/DISMISS ESTATE CLAIMS
FOR LACK OF STANDING & CAPACITY SUBJECT TO FRCP 12(b) MOTIONS**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

**COMES NOW,** A STERLING FREIGHT CARRIER INC., and MANDEEP K. BHATTI (hereinafter "Defendants"), in the above entitled and numbered cause, and file this Motion to Abate/Dismiss Plaintiffs' Estate Claims for Lack of Capacity, Lack of Standing and/or Lack of Authority Subject to FRCP 12(b) Motions and would show the Court as follows:.

**I.
OVERVIEW**

This suit pertains to a tractor-trailer accident that happened on May 3, 2017, along I-10 in Pecos County, Texas. A tractor-trailer operated by Sharandeep Singh sustained a tire blow out on a steer tire which caused loss of control. It then collided with a tractor-trailer driven by Martin Leal who died at the scene. *See* App. Ex. C at §11.

Plaintiffs herein are the daughter, son and mother of Martin Leal, Deceased. *Id*. at § 12. Plaintiffs filed the present case in this Court asserting diversity jurisdiction against Defendants.

*Id*. at § 8.  Plaintiffs allege that the acts/omission of Defendants constituted general negligence, negligence per se, and gross negligence. Plaintiffs seek compensatory damages, including wrongful death and (Estate) survival damages, and punitive damages. *Id*. at §§ 40-48.

As of the date of filing of this motion Defendant Sharandeep Singh has not been served.

## II.
## THE PREVIOUSLY FILED SUIT IN NEW MEXICO

On June 2, 2017, Antonia Leal, wife of Martin Leal, Deceased, filed an application in a New Mexico Court to be appointed as the Personal Representative of the Estate (Martin Leal) to Pursue Wrongful Death Claims in Accordance with NMSA 1978 § 41-2-1 et seq. This case is *In the Matter of the Wrongful Death Estate of Martin Leal, Deceased;* Cause No. D-2-2-CV-2017-03914; In the Second Judicial District Court of Bernalillo County, New Mexico. *See* Appendix Exhibit A and Appendix Exhibit F at § 3. The application was granted in an Order dated June 13, 2017. *See* App. Ex. B and App. Ex. F at § 3

Under New Mexico law this is the sole party who can bring the claims for Martin Leal, Deceased.

Subsequently, on June 15, 2017, a suit was filed against the Estate in *Johnny Barbee d/b/a Barbee Wrecker Service, Inc. v. Antonia Leal, As Personal Representative of the Estate of Martin Leal and the Estate of Martin Leal;* Cause No. D-2-2-CV-2017-04266; In the Second Judicial District Court of Bernalillo County, New Mexico. *See* App. Ex. F at § 4. This suit is for damages resulting from the accident on May 3, 2017, in which Martin Leal died. *Id*. The Defendants/ 3rd Party Plaintiffs (estate, spouse and daughter of Martin Leal, Deceased) sued Third Party Defendants Sharandeep Singh and ASF Carrier, Inc., on July 6, 2017. *Id*. Defendants/3[rd] Party Plaintiffs allege jurisdiction in a New Mexico Court due to the fact that

Antonia Leal, Individually and As Personal Representative of the Estate of Martin Leal, the Estate of Martin Leal and Martin Leal (before his death) were residents of New Mexico and due to acts and/or omissions by Defendants which occurred in New Mexico. *Id.*

### III.
### TEXAS SUBSTANTIVE LAW APPLIES UNDER ERIE

The *Erie* doctrine requires that a federal court apply state law to cases not governed by federal law. *Erie R. Co.* v. *Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp.* v. *Burglin,* 42 F.3d 948, 949 (5th Cir.1995). Defendants contend that Texas substantive law applies as to the capacity, standing and/or authority to bring an estate claim.

### IV.
### GROUNDS FOR ABATEMENT/DISMISSAL

Plaintiffs have incorrectly filed suit against Defendants in the name of "Nereida Leal As Representative of the Estate of Martin Leal" in order to bring survival claims resulting from the accident. *See* (ECF Doc 1). This entity has neither standing nor capacity to sue or be sued. In the alternative, Nereida Leal is acting without the required authority to act on behalf of the Estate. Therefore, Defendants move the Court to abate/dismiss the survival cause of action brought by the Estate.

A suit for wrongful death (including what are referred to as survival claims in Texas) was already pending in Bernalillo County, New Mexico before the suit was filed in this Court. *See* Appendix Exhibit F at § 5. That action pertains to the same accident litigated in the New Mexico proceeding. *Id.* Judicial economy favors that all claims relating to the accident be presented

within a single unified action. *Id*. New Mexico rules regarding joinder and cross-actions are quite liberal, so there is no meaningful impediment to participation by all the Texas plaintiffs (who all reside in New Mexico) as claimants in the New Mexico suit. *Id*. In contrast, separate litigation on the same accident could create the risk of inconsistent verdicts or raise thorny questions of collateral estoppel or res judicata if one action goes to judgment before the other resolves. *Id*.

## V.
## ARGUMENT AND AUTHORITY

An "estate" of a decedent is not a legal entity and may not properly sue or be sued as such. *Price v. Anderson*, 522 S.W.2d 690, 691 (Tex.1975); see also *Henson v. Estate of Crow*, 734 S.W.2d 648 (Tex.1987).

In Texas, the standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought." *Nootsie,* 925 S.W.2d at 662 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443-44 (Tex.1993)). Implicit in these requirements is that litigants are "properly situated to be entitled to [a] judicial determination." 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3531, at 338-39 (2d ed.1984). Without standing, a court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus.,* 852 S.W.2d at 443. Thus, the issue of standing may be raised for the first time on appeal. *Id.* at 445.

In addition to standing, a plaintiff must have the capacity to pursue a claim. For example, minors and incompetents are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities; such persons are required to appear in court through a legal guardian, a "next friend," or a guardian ad litem. *See Sax v. Votteler,* 648 S.W.2d 661, 666-67 (Tex.1983); *Peek v. DeBerry,* 819 S.W.2d 217, 218 (Tex.App.-San Antonio 1991, writ

denied); *see also* TEX. PROBATE CODE §§ 601(14), 773; TEX.R. CIV. P. 44, 173. Similarly, a decedent's estate "is not a legal entity and may not properly sue or be sued as such." *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975); *see also Henson v. Crow,* 734 S.W.2d 648, 649 (Tex.1987). Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party the capacity to sue on their behalf. Unlike standing, however, which may be raised at any time, a challenge to a party's capacity must be raised by a verified pleading in the trial court. TEX.R. CIV. P. 93(1)-(2); *Sixth RMA Partners v. Sibley,* 111 S.W.3d 46, 56 (Tex.2003).

For plaintiff's counsel appointment of the personal representative permits the survival claims to be filed or, if already filed, to proceed. *Shepherd v. Ledford*, 962 S.W.2d 38, 31-32 (Tex.1998). If the deceased plaintiff improperly names "the Estate" as plaintiff, rather than the estate's personal representative, the defendant may be entitled to abatement and, eventually, dismissal of the survival claims if the plaintiff fails to correct this error. *M&M Const. Co. v. Great Am. Ins. Co*., 747 S.W.2d 552,555 (Tex.App—Corpus Christi 1988, no writ). The plaintiff must correct the capacity error and substitute the plaintiff's personal representative on behalf of the estate. If the plaintiff fails to do so after a reasonable time, then the Court may dismiss the suit with prejudice. *Bossier Chrysler Dodge II, Inc., v. Rauschenberg*, 201 S.W.3d 787, 798 (Tex.App.—Waco 2006) (aff'd in part rev'd in part sub nom. *Bossier Chrysler Dodge II, Inc. v. Rauschenberg*, 283 S.W.3d 376 (Tex.2007)).

In addition, if the plaintiff dies before an attorney is retained; a personal representative will need to be appointed in order to enter into a binding fee agreement on behalf of the deceased plaintiff's estate.

When The Estate was sued in New Mexico it was required to file compulsory counter claims at that time pursuant to New Mexico law which states:

> "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . ."

NMRA 1-013(A).

The Texas rule regarding Compulsory Counterclaims is similar as follows:

> "A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . ."

Tex. R. Civ. P. 97.

The Federal rule regarding Compulsory Counterclaims is similar as follows:

> (a) Compulsory Counterclaim.
>     (1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>         (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>         (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed.R.Civ.Pro. 13

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Defendants respectfully pray that the Court abate/dismiss Plaintiffs' Estate claims against them for a lack of capacity and/or standing and/or lack of authority, and any further relief to which they may be entitled at law or in equity.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: _/s/ Chuck Shiver_
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **CHUCK W. SHIVER II**
    State Bar No.  00792832
    chuck.shiver@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 – Telephone
(214) 749-6100 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of September, 2017, a true and correct copy of the foregoing document was forwarded via ECF service as follows:

Jason Medina
Chad Inderman
Glasheen, Valles & Inderman, LLP
P.O. Box 1976
1302 Texas Ave.
Lubbock, TX 79401

**ATTORNEYS FOR PLAINTIFFS**

    _/s/ Chuck Shiver_
    **CHUCK W. SHIVER II**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 1st day of September, 2017, I conferred with counsel for Plaintiffs regarding the above Motion. A reasonable effort was made to resolve the dispute without the necessity of Court intervention; however, the effort failed. Specifically, counsel disagreed over the controlling authority. Therefore, Defendants submit the matter to the Court for determination.

                                                                   */s/ Chuck Shiver*
                                                                   **CHUCK W. SHIVER II**