**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| NEREIDA LEAL, INDIVIDUALLY, | § | |
| MARTIN A. LEAL, INDIVIDUALLY; | § | |
| AND MARIA ESCOBEDO, | § | |
| INDIVIDUALLY. | § | |
|     *Plaintiffs,* | § | No. 3:17-cv-207 |
| | § | |
| v. | § | |
| | § | |
| ASF CARRIER, INC, AND | § | |
| SHARANDEEP SINGH | § | |
|     *Defendants.* | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.    COME NOW Plaintiffs, Nereida Leal, individually, Martin A. Leal, individually, and Maria Escobedo, individually, complaining of Defendants ASF Carrier Inc. (hereinafter referred as "Defendant ASF Carrier") and Sharandeep Singh (hereinafter referred to as "Defendant Singh"). Plaintiffs file this amended pleading in accordance with Fed. R. Civ. Pro. § 15(a)(1)(B) within 21 days of Defendants' responsive pleading and with Defendants' consent.

### I.    PARTIES

2.    Plaintiff Nereida Leal is an individual and resident of Albuquerque, New Mexico and is the surviving daughter of Martin Leal-Escobedo, deceased. Pursuant to Tex. Civ. Prac. Rem. Code § 30.014, the last three digits of Nereida Leal's social security number are 314.

3.    Plaintiff Martin A. Leal is an individual and resident of Rio Rancho, NM and is the surviving son of Martin Leal-Escobedo, deceased. Pursuant to Tex. Civ. Prac. Rem. Code § 30.014, the last three digits of Martin A. Leal's social security number are 797.

4.      Plaintiff Maria Escobedo is an individual and resident of Albuquerque, New Mexico and is the surviving mother of Martin Leal-Escobedo, deceased. Pursuant to Tex. Civ. Prac. Rem. Code § 30.014, the last three digits of Maria Escobedo's social security number are 173.

2.04    Defendant ASF Carrier, Inc. (hereinafter "ASF Carrier") is a California corporation with its principal place of business located at 7326 Canterwood Ct., Corona, CA 92880, and may be served through its officer, HARINDER SINGH BASANTI, 7326 CANTERWOOD CT, CORONA, CA 92880.

5.      Defendant Sharandeep Singh is an individual who resides at 8800 Willis Ave. Apt. 13, Panorama City, CA 91402. Defendant Singh has previously appeared and may be served through his attorney of record.

## II.      VENUE AND JURISDICTION

6.      As stated above, there is complete diversity of citizenship between Plaintiff and Defendants. The subject matter of the claim of Plaintiff in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

7.      Venue is proper in the United States District Court for the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.     FACTS

8.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint as if fully set forth here.  On or about May 03, 2017, Defendant Singh was traveling eastbound on IH-10. Defendant Singh lost control of his truck when his left front tire blew out, causing his tractor-trailer to travel across the center median onto the westbound lanes. Martin Leal-

Escobedo, the decedent, was traveling on westbound IH-10, when Defendant Singh's trailer collided with the front-end area of his vehicle. As a result of the collision, Martin Leal-Escobedo sustained severe personal injuries, and after receiving medical treatment, was pronounced dead on scene. The death of Martin Leal-Escobedo occurred as the proximate result of the negligence of Defendant ASF Carrier, and Defendant Singh.

## IV.   CAUSES OF ACTION

### *Negligence of Defendant Singh*

9.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8 of this Complaint as if fully set forth here.

10.     At all times relevant to this cause of action, Defendant ASF Carriers acting by and through its employees, agents and/or vice principals, including Defendant Singh, had a duty to act safely, reasonably and prudently.

11.     The occurrence described in this petition is a direct and proximate result of the negligence of Defendant Singh who was negligent in many respects, including but not limited to the following:

      a.   in failing to use due care in operating a commercial vehicle

      b.   in failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

      c.   in failing to apply the brakes to his vehicle in a timely manner to avoid the collision in question;

      d.   in failing to turn his vehicle to the left or right in an effort to avoid the collision in question;

      e.   in failing to stop, yield, and grant the privilege of immediate use of the roadway;

      f.   in failing to maintain his vehicle under control;

      g.   failing to properly maintain and inspect the tractor trailer in question

      h.   in driving in a reckless manner; and

     i. in failing to take proper evasive action.

**Negligence Per Se**

7. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if fully set forth here.

8. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Plaintiff.

9. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant ASF Carrier's tractor-trailer.

10. In addition, Texas State Traffic Laws apply to such trucks operating within the State of Texas.

11. There were in force and effect FMCSR regulations that may have been violated by Defendant ASF Carrier including but not limited to the following:

    A. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

    B. FMCSR 391.11 regarding driver qualifications;

    C. FMCSR 391.13 regarding driver training;

    D. FMCSR 391.25 regarding annual review of driver safety;

    E. FMCSR 391.27 regarding annual reports of driving violations;

    F. FMCSR 391.31 regarding driver road testing;

    G. FMCSR 391.51 regarding qualification and records files;

    H. FMCSR 395.3 regarding hours of operation; and,

    I. FMCSR 395.8 regarding driver duty status logs.

12.     At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant Singh including but not limited to the following:

      A.     FMCSR 392.3 regarding an ill or fatigued operator;

      B.     FMCSR 392.6 regarding schedules to conform to speed limits;

      C.     FMCSR 395.3 regarding maximum driving time;

      D.     FMCSR 383.110 regarding general knowledge;

      E.     FMCSR 383.111 regarding required knowledge; and

      F.     FMCSR 383.113 regarding required skills.

13.     At the time of the aforesaid improper driving there were in force and effect Texas State Statutes that were violated by Defendant Singh including but not limited to the following:

14.     As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

***Negligence of Defendant ASF Carrier***

15.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint as if fully set forth here.

13.     The conduct of Defendant ASF Carrier constitutes negligence in many respects including the following:

      a.     Defendant ASF Carrier owed Plaintiffs a legal duty to hire, supervise, and train competent employees;

      b.     Defendant ASF Carrier owed Plaintiffs a legal duty to retain competent employees;

      c.     Defendant ASF Carrier owed Plaintiffs a legal duty to fire incompetent or dangerous employees;

      d.     Defendant ASF Carrier breached each of the above duties by hiring, retaining and failing to fire Defendant Singh; and

e.  Defendant ASF Carrier owed Plaintiffs a duty to properly inspect and maintain its trucks and Defendant ASF Carrier breached this duty.

f.  Defendant ASF Carrier failed to properly maintain the tractor trailer in question.

***Negligent Hiring, Supervision, Training and Retention of Defendant ASF Carrier***

14.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth here.

15.  Upon information and belief, the tractor-trailer driven by Defendant Singh was owned by Defendant ASF Carrier and was negligently entrusted to Defendant Singh.

a.  Defendant Singh was an employee of Defendant ASF Carrier and was acting within the course and scope of his employment.

b.  Defendant ASF Carrier is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

c.  Defendant ASF Carrier had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

d.  Defendant ASF Carrier breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Singh for the duties which Defendant ASF Carrier could foresee and expect Defendant Singh to perform in the course of his employment.

e.  As a direct and proximate result of Defendant ASF Carrier's negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

f.  Defendant ASF Carrier's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

***Negligent Hiring, Supervision, Training and Retention of Defendant Bhatti***

16.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if fully set forth here.

17.     Upon information and belief, the tractor-trailer driven by Defendant Singh was owned by Defendant Bhatti and was negligently entrusted to Defendant Singh.

   a.   Defendant Singh was an employee of Defendant Bhatti and was acting within the course and scope of his employment.

   b.   Defendant Bhatti is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

   c.   Defendant Bhatti had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

   d.   Defendant Bhatti breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Singh for the duties which Defendant Bhatti could foresee and expect Defendant Singh to perform in the course of his employment.

   e.   As a direct and proximate result of Defendant Bhatti's negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

   f.   Defendant Bhatti's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

### *Respondeat Superior of Defendant ASF Carrier*

18.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth here.

19.     Vicarious liability for Plaintiffs' injuries and damages attaches to Defendant ASF Carrier through *respondeat superior* in the following respects:

   a.   Defendant Singh was an employee of Defendant ASF Carrier at the time of the incident;

   b.   Defendant Singh was working in the scope and course of his employment with Defendant ASF Carrier at the time of the incident;

   c.   Defendant Singh was acting in furtherance of Defendant ASF Carrier's business at the time of the incident;

   d.   Defendant Singh was working for the accomplishment of the object for which he was hired; and

e.  Defendant Singh's negligence is a proximate cause of Plaintiffs' injuries and
damages, as well as the death of Martin Leal-Escobedo.

*Gross Negligence*

20.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of
this Complaint as if fully set forth here.

21.     The above-mentioned acts of negligence on the part of Defendants were of such character
as to make Defendants guilty of gross negligence.  Defendants' acts of negligence when viewed
objectively from the standpoint of Defendants involved an extreme degree of risk, considering the
probability and magnitude of the potential harm to others.  Defendants had actual, subjective
awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety,
and welfare of Plaintiffs.  The gross negligence of Defendants was a proximate cause of the
collision and of the injuries and damages suffered by the Plaintiffs.  As a result of Defendants'
gross negligence, Plaintiffs seek and are entitled to an award of exemplary damages.

## V.      DAMAGES

*Plaintiff Nereida Leal*

22.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of
this Complaint as if fully set forth here.

23.      As a direct and proximate result of the incident in question, Martin Leal-Escobedo (age 53
at time of the incident) was killed. Plaintiff Nereida Leal brings this action pursuant to § 71.001,
*et seq*., of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful
Death Act."  Plaintiff Nereida Leal has suffered a severe loss by virtue of the economic and non-
economic damages associated with the death of her father, Martin Leal-Escobedo, and the resulting
destruction of the parent-child relationship.

24.     As a direct and proximate producing result of the conduct of Defendant ASF Carrier's and its employee, Defendant Singh, as described above, Plaintiff Nereida Leal has suffered damages for the wrongful death of her father as follows:

     a.  Pecuniary loss sustained in the past and which will reasonably be sustained in the future;

     b.  Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

     c.  Mental anguish sustained in the past and which will reasonably be sustained in the future;

     d.  Loss of consortium;

     e.  Loss of care, support and earnings;

     f.  Pain and suffering sustaining in the past and which will reasonably be sustained in the future; and

     g.  loss of inheritance.

### Plaintiff Martin A. Leal, Individually

25.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth here.

26.     Plaintiff Martin Leal brings this action pursuant to § 71.001, *et seq*., of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful Death Act."  Plaintiff, Martin A. Leal has suffered a severe loss by virtue of the economic and non-economic damages associated with the death of his father, Martin Leal-Escobedo, and the resulting destruction of the parent-child relationship.

27.     As a direct and proximate producing result of the conduct of Defendant ASF Carrier and its employee, Defendant Singh, as described above, Plaintiff Martin A. Leal has suffered damages for the wrongful death of his father as follows:

     a.  Pecuniary loss sustained in the past and which will reasonably be sustained in the

*Nereida Leal, et al v. A Sterling Freight Carrier Inc, et al*                    Page 9 of 12
Plaintiffs' First Amended Complaint

future;

  b. Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

  c. Mental anguish sustained in the past and which will reasonably be sustained in the future;

  d. Loss of inheritance; and

  e. Loss of care, support and earnings.

***Plaintiff Maria Escobedo, Individually***

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth here.

29. Plaintiff Maria Escobedo brings this action pursuant to § 71.001, *et seq.*, of the Texas Civil Practices and Remedies Code, commonly referred to as the "Wrongful Death Act."  Plaintiff, Maria Escobedo has suffered a severe loss by virtue of the economic and non-economic damages associated with the death of her son, Martin Leal-Escobedo, and the resulting destruction of the parent-child relationship.

30. As a direct and proximate producing result of the conduct of Defendant ASF Carrier and its employee, Defendant Singh, as described above, Plaintiff Maria Escobedo has suffered damages for the wrongful death of her son as follows:

  a. Pecuniary loss sustained in the past and which will reasonably be sustained in the future;

  b. Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

  c. Mental anguish sustained in the past and which will reasonably be sustained in the future;

  d. Loss of inheritance; and

  e. Loss of care, support and earnings.

## VI.     PRAYER

31.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the

Defendants be cited to appear and answer, and that upon final trial by jury, Plaintiffs recover

against Defendants the following:

1.  Compensatory damages as set forth above;

2.  Punitive and exemplary damages;

3.  Pre-judgment and post-judgment interest as allowed by law;

4.  Costs of court; and

5.  Such other, further and different relief to which Plaintiffs may show
    themselves justly entitled.


Respectfully Submitted,


Glasheen, Valles & Inderman LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
Telephone: (806) 741-0284
Facsimile: (806) 329-0595


*/S/ Jason Medina*
Jason Medina
State Bar No. 24046417

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury in this cause and tender the required jury fee.

*/S/ Jason Medina*
Jason Medina

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of September, 2017, a true and correct copy of

the foregoing document was forwarded via ECF service as follows:

SARGENT LAW, P.C.
DAVID L. SARGENT
State Bar No. 17648700
david.sargent@sargentlawtx.com
CHUCK W. SHIVER II
State Bar No. 00792832
chuck.shiver@sargentlawtx.com
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 – Telephone
(214) 749-6100 – Facsimile

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 14th day of September, 2017, I conferred with counsel for Defendants regarding Plaintiffs Amended Complaint and Counsel consented to the filing of the Amended Complaint.

*/S/ Jason Medina*
Jason Medina