IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NEREIDA LEAL, individually and as representative of the estate of MARTIN LEAL-ESCOBEDO, MARTIN A. LEAL, individually, and MARIA ESCOBEDO, individually,<br>　　Plaintiffs,<br><br>v.<br><br>SHARANDEEP SINGH and ASF CARRIER, INC.,<br>　　Defendants. | § § § § § § § § § § § § § § § | EP-17-CV-207-PRM |

## ORDER TRANSFERRING CAUSE TO PECOS DIVISION

On this day, the Court considered Defendant Sharandeep Singh's [hereinafter "Singh"] "Motion to Dismiss for Lack of Jurisdiction" (ECF No. 11), filed on September 1, 2017, Singh's "Motion to Transfer Venue Under 28 U.S.C. § 1404(a) Subject to Defendants' FRCP 12(b) Motions" (ECF No. 13) [hereinafter "Motion to Transfer"], filed on September 1, 2017, and Singh's "Amended Motion to Dismiss for Forum Non Conveniens" (ECF No. 33), filed on October 12, 2017, in the above-

captioned cause.[1] In his motions, Defendant requests that the Court dismiss this case either for lack of personal jurisdiction or pursuant to the doctrine of forum non conveniens, or, in the alternative, transfer the case to the Pecos Division. Because the Motion to Transfer is unopposed[2] and for purposes of efficiency,[3] the Court declines to decide

---

[1] None of the motions were filed by Singh, but rather by two other defendants that were ultimately dismissed in this case pursuant to the Court's "Order Dismissing Certain Defendants" (ECF No. 22), filed on September 21, 2017. However, before these defendants' dismissal, Singh filed a notice to the Court that he joined their motions. *See* Defendant's Joinder in Defendants['] Pre-Answer Motions, Sept. 11, 2017, ECF No. 17. Thus, although the motions only discuss the two other previous defendants and the caption does not include Singh, the Court treats all the motions as though they were filed by Singh himself.

[2] Plaintiffs did not file a response to Defendant's Motion to Transfer. Thus, the Court assumes that Plaintiffs do not object to transferring the case to a different venue.

[3] A summons was issued as to new Defendant ASF Carrier, Inc. on September 27, 2017 (ECF No. 24). Further, Defendant Sharandeep Singh filed an "Amended Motion to Dismiss for Forum Non Conveniens" (ECF No. 34) on October 12, 2017. As of the date of this Order, ASF Carrier, Inc. has entered an appearance but has not filed any responsive pleadings or motions. Further, Plaintiffs have not responded to the "Amended Motion to Dismiss for Forum Non-Conveniens." The Court wishes to avoid any duplicative efforts in determining the appropriate forum and any personal jurisdiction issues. Thus, the Court will withhold judgment on the pending motions and allow adequate time for the addition of parties, adoption of co-defendant's motions, if any, and responses or further amendments to any pending motions.

the pending motions to dismiss and concludes that a transfer to the Pecos Division is appropriate at this time.

## I.   RELEVANT VENUE FACTS

This case arises out of a tractor-trailer accident that occurred in Pecos County, Texas on May 3, 2017. Mot. to Transfer 1. Plaintiffs Nereida Leal and Maria Escobedo reside in Albuquerque, New Mexico. *Id.* at 4. Plaintiff Martin A. Leal is a resident of Rio Rancho, New Mexico. *Id.* All Defendants reside in California. *Id.* at 2. Additionally, many of the "key" witnesses reside in the Pecos Division: the emergency responders, investigation agency and services, medical providers, towing company, and funeral home involved are all located in Fort Stockton, an hour east of Pecos. *Id.* at 6. Neither party has presented any facts that tie El Paso to the controversy.

## II.   LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have "broad discretion in deciding whether to order a transfer" pursuant to

3

§ 1404(a). *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). However, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient" than the venue chosen by the plaintiff, "it has shown good cause and the district court should grant the transfer." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008).

"The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the answer to that question is yes, then a court must consider a variety of public and private interest factors to determine whether the movant's choice of forum is "clearly more convenient." *Id.* The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314 (quoting

4

*Volkswagen I*, 371 F.3d at 203). The public interest factors that courts consider are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (alteration in original) (citations omitted) (quoting *Volkswagen I*, 371 F.3d at 203). These factors, although appropriate in most cases, "are not necessarily exhaustive or exclusive." *Id.* Moreover, none of the factors "can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). Since the Motion to Transfer is unopposed, the Court will discuss only the facts that support a transfer, which Defendant highlights.

## III. ANALYSIS

### A. Whether Suit Could Have Been Brought in the Proposed Transferee Forum

Twenty-eight U.S.C. § 1391 governs choice of venue. It states that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim

5

occurred[.]" 28 U.S.C § 1391(b)(2). Since it is undisputed that the accident giving rise to this litigation occurred in Pecos County, Texas, the action could have been brought in the Pecos Division of the Western District of Texas initially, and thus it is a proper venue for this litigation.

### B. Whether Plaintiff's Choice of Forum is Entitled to Deference

Since Plaintiffs did not oppose the Motion to Transfer, they have waived any right to assert the priority of their initial forum selection in the El Paso Division.

### C. Private Interest Factors

The private interest factors weigh in favor of a transfer. Defendant states that "all sources of proof are located outside of the El Paso Division and in the Pecos Division." Mot. to Transfer 5. Further, "the cost of obtaining the attendance of the various nonparty witnesses" would be higher in El Paso than Pecos. *Id.* at 5. This is because keeping the trial in El Paso would force the non-party witnesses to travel approximately an extra three hours each way by car to testify. *Id.* at 6. Further, all parties to this action reside outside of Texas and will be forced to travel to attend proceedings regardless of whether the

6

case is in El Paso or Pecos. Thus, the move from El Paso to Pecos will not present a hardship for them.

### D. Public Interest Factors

Defendant correctly contends that "citizens of Pecos have a strong interest in adjudicating the dispute" because it occurred in their community, whereas citizens of El Paso generally have no connection to the events underlying the litigation. Mot. to Transfer 6. This fact provides ample support for a transfer. The other public interest factors, including a potential conflict of laws and the transferee forum's familiarity with local law, are inapplicable here.

## IV. CONCLUSION

The Court concludes, pursuant to its broad discretion, that a transfer to the Pecos Division is appropriate due to the convenience for the third-party witnesses, the lack of hardship to any of the parties, and the localized interest in adjudicating disputes arising from events that occurred in the Pecos Division. Further, the Court concludes that it would be more appropriate to allow the transferee court to decide any pending motions to dismiss due to the recent addition of a new party and further potential amendments and additions to the motions.

Accordingly, **IT IS ORDERED** that Defendant Sharandeep Singh's "Motion to Transfer Venue Under 28 U.S.C. § 1404(a) Subject to Defendants' FRCP 12(b) Motions" (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **TRANSFERRED** to the **PECOS DIVISION OF THE WESTERN DISTRICT OF TEXAS**.

SIGNED this __19__ day of **October, 2017**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE